UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOEY LYNN KURZ** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-7959** |
| **TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY ET AL.** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff Joey Lynn Kurz's Motion to Remand is **DENIED.** (Doc. #2).

## BACKGROUND

This case stems from an insurance dispute arising out of Hurricane Katrina. The case was originally filed in the Civil District Court for the Parish of Orleans, Louisiana. Plaintiff sued her insurers Fidelity National Insurance Company ("Fidelity National"), Travelers Property Casualty Insurance Company, St. Paul Insurance Company, and Lloyd's of London for their alleged failure to pay her for wind and flood damage to her property, and for the loss of use and additional living expenses incurred. Plaintiff also sued Beyer Beeson Insurance Agency, Inc. ("Beyer Beeson"), the insurance agency that sold her the insurance policy at issue.

Fidelity National, which is a Write-Your-Own ("WYO") company participating in the

United States government's National Flood Insurance Program ("NFIP"), 42 U.S.C. § 4072, removed the case from state court.  Fidelity National argues four bases for federal jurisdiction: (1) plaintiff's claim includes a claim for federal benefits under the NFIP; (2) plaintiff's claim involves a federal question, which provides jurisdiction under 28 U.S.C. § 1331; (3) FEMA's fiscal intermediaries can invoke the federal officer removal statute, 28 U.S.C. § 1442; and (4) this case involves a proceeding arising under an act of Congress and, therefore, jurisdiction is proper under 28 U.S.C. § 1337.

## DISCUSSION

Motions to remand are governed by 28 U.S.C. § 1447(c), which provides in relevant part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  Plaintiff asserts that "the basis for this litigation is a claim for homeowner's insurance as well as flood insurance" and that judicial economy warrants the remand of the case where pendant jurisdiction would allow for adjudication of all claims. (Doc. #2).

The NFIP was established by Congress when it enacted the National Flood Insurance Act of 1968, 42 U.S.C. § 4001 *et seq.* (the "Act").  Under the NFIP, the director of the Federal Emergency Management Agency ("FEMA") may utilize private insurance companies, known as WYO companies, to aid in the administration of the flood program.  Thus, insureds can purchase their flood insurance policies directly from FEMA or from a WYO company.  42 U.S.C. § 4071-72.  Furthermore, the Act provides that federal courts have original and exclusive jurisdiction for claims arising under the NFIP.  *Id.* § 4072.

Here, plaintiff is suing Fidelity National, which is a WYO company that issued her flood policy. She alleges that Fidelity National acted improperly in administering her claim. Specifically, plaintiff alleges that Fidelity National "failed, refused and/or neglected to pay Mrs. Kurz for the damages to her property caused by Hurricane Katrina, and loss of use/additional living expenses." Plaintiff's Petition, ¶X. These allegations arise out of claims under the NFIP insurance policy. Therefore, the court has original jurisdiction under 42 U.S.C. § 4072. Moreover, the court has jurisdiction under 28 U.S.C. § 1331 because determining the proper administration of a NFIP insurance policy requires the application of federal law.[1]

Because this court has original and federal question jurisdiction, there is no need to consider Fidelity National's remaining jurisdictional claims.

## CONCLUSION

For the reasons set forth above, plaintiff's Motion to Remand is **DENIED.**

New Orleans, Louisiana, this __5th__ day of December, 2006.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

---

[1] The court has jurisdiction over plaintiff's state law causes of action because all of her claims arise from the administration of her insurance policies after Hurricane Katrina and, therefore, from the same case or controversy pursuant to 28 U.S.C. § 1442.