UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOEY LYNN KURZ** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-7959** |
| **TRAVELERS PROPERTY CASUALTY INS. CO., ET AL** | **SECTION: "S" (4)** |

## ORDER AND REASONS

The motion for summary judgment (Doc. #72) filed by Fidelity National Property and Casualty Insurance Company is **GRANTED**.

### BACKGROUND

This is a Katrina insurance dispute. Plaintiff is seeking additional flood insurance proceeds for her property at 3821 Transcontinental Drive in Metairie, Louisiana.

On or about August 29, 2005, plaintiff's property sustained damage, as a result of Hurricane Katrina. Fidelity, in its capacity as a Write-Your-Own program carrier participating in the U.S. Government's National Flood Insurance Program (NFIP), issued a policy of flood insurance to the plaintiffs.[1]

Plaintiff asserts that in the spring of 2006, her husband submitted via first class mail, a signed

---

[1] NFIP is administered by FEMA under the National Flood Insurance Act ("NFIA"), 42 U.S.C. §4001 *et seq*.

and sworn proof of loss with a contractor's estimate.[2] In a supplemental opposition memorandum, plaintiff provided a copy of a handwritten letter, dated April 4, 2006, which states *in toto*, "This is my affidavit of Proof of Loss for supplemental payment for my property at 3821 Transcontinental Dr., Metairie, La. 70006. Attached is the estimate from Major Builders for $ 106,781.00."[3] The letter is signed by plaintiff and two witnesses.

Fidelity points out that in discovery, plaintiff was requested to provide a copy of the proof of loss, and plaintiff produced no documents until plaintiff's supplemental memorandum in opposition to this motion. Fidelity argues that plaintiff's hand-written letter is insufficient as a proof of loss because it is not sworn, does not list all the required information required by the flood policy, and does not state to whom it was sent.[4] Further, Fidelity, through an affidavit from Deborah Price, attests that plaintiff did not submit a signed and sworn Proof of Loss which met the requirements of Articles VII(J).

Article VII(J)(3) and (4) provide as follows:

> J. Requirements in case of flood loss to insured property, you must:
>
> . . .
>
> 3. Prepare an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss. Attach all bills, receipts, and related documents;

---

[2] Fidelity paid to plaintiff $95,489.93 for building damage and $16,000 for contents. Plaintiff's contractor estimated that repairs to the building would cost an additional $11,291.07.

[3] The estimate was not filed with the court.

[4] Fidelity argues that plaintiff states in its opposition that the letter was sent to Travelers which was plaintiff's wind carrier and not the flood carrier.

    4. Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:

        a. The date and time of loss;
        b. A brief explanation of how the loss happened;
        c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
        d. Details of any other insurance that may cover the loss;
        e. Changes in title or occupancy of the insured property during the term of the policy;
        f. Specifications of damaged buildings and detailed repair estimates;
        g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
        h. Details about who occupied any insured building at the time of loss and for what purpose; and
        i. The inventory of damaged property described in J.3. above.[5]

Fidelity seeks summary judgment that plaintiff's claims are barred pursuant to Article VII(R)[6] which provides that a claimant may not sue for further proceeds unless the claimant has complied with Article VII's requirements and because plaintiff failed to meet all conditions prior to filing suit as required by the policy.

---

[5] 44 C.F.R. Pt. 61, App. A(1).

[6] Article VII(R) states:

Suit Against Us

You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you must start the suit within one year of the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the insured property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.

**ANALYSIS**

**A.  Legal Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law."[7] If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.[8]

**B.  Motion for Summary Judgment**

The NFIP was established by the National Flood Insurance Act, 42 U.S.C. §§ 4001-4129 (2006), and is administered through the Federal Emergency Management Agency.[9] FEMA sets the terms and conditions of all federal flood insurance policies, and those polices must be issued in the form of a Standard Flood Insurance Policy (SFIP).[10] SFIP provisions cannot "be altered, varied, or waived other than by the express written consent of the [Federal Insurance] Administrator" and must be strictly construed and enforced.[11]

Although SFIP proceeds can be issued by a WYO insurance provider directly to consumers,

---

[7]*Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. Proc. 56(c).

[8]*Celeotex Corp. v. Catrett*, 106 S.Ct. 2548, 2552 (1986).

[9]*Wright v. Allstate Ins. Co. (Wright I),* 415 F.3d 384, 386 (5th Cir.2005).

[10]44 C.F.R. § 61.4(b); *Gowland v. Aetna,* 143 F.3d 951, 953 (5th Cir.1998).

[11]44 C.F.R. § 61.13(d); *Wright I,* 415 F.3d at 387; *Gowland,* 143 F.3d at 953-54. *See also Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir. 1998).

"[p]ayments on SFIP claims come ultimately from the federal treasury."[12]  Because the federal treasury is implicated in the payment of flood claims, the provisions of an SFIP must be strictly construed and enforced.[13]  Therefore, "[w]here federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds."[14]

As to a flood loss to insured property, the SFIP requires that an insured follow Article VII(J)(3) and (4), which details the information that must be provided.[15]  The documentation must comply strictly with the SFIP for the insured to recover.[16]  "[N]ot even the temptations of a hard case will provide a basis for ordering recovery contrary to the terms of [a] regulation, for to do so would disregard the duty of all courts to observe the conditions defined by Congress for charging the public treasury."[17]

This court notes that this motion is coming on the eve of trial, where plaintiff will bear the burden of proving that the proof of loss that plaintiff asserts was submitted to Fidelity complied with

---

[12] *Wright I,* 415 F.3d at 386; *see Gowland,* 143 F.3d at 953.  FEMA regulations for the NFIP provide that "loss payments" shall be payable from federal funds. 44 C.F.R. pt. 62, app. A, art. III(D)(2) ("Loss payments include payments as a result of litigation that arises under the scope of this Arrangement [between WYOs and the federal government], and the Authorities set forth herein.").  "Under the Appropriations Clause of the Constitution, '[m]oney may be paid out only through an appropriation made by law; in other words, the payment of money from the Treasury must be authorized by a statute.'" *Wright I,* 415 F.3d at 387 *(quoting Office of Pers. Mgmt. v. Richmond,* 496 U.S. 414, 424, 110 S.Ct. 2465, 2471, 110 L.Ed.2d 387, 399 (1990)).

[13] *See also Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir. 1998).

[14] *Wright I*, 415 F.3d at 388 (*citing Heckler v. Cmty. Health Servs. of Crawford County, Inc.,* 467 U.S. 51, 63, 104 S.Ct. 2218, 2226, 81 L.Ed.2d 42, 54 (1984)).

[15] *See* footnote 4, *infra*.

[16] *See Gowland,* 143 F.3d at 954.

[17] *OPM v. Richmond*, 110 S.Ct. 2464, 2469 (1990)(internal quotes omitted).

the strict documentation requirement of Article VII(J).  Plaintiff's brief affidavit only provides evidence that **a** proof of loss was submitted but not evidence that what was submitted complied with the strict documentation imposed by Article VII(J).  Further, plaintiff's hand-written letter provides no evidence that the proof of loss complied with the requirements of Article VII(J).  The letter is not sworn, and Article VII(J)(4) requires that the proof of loss be sworn.  Further, the letter contains no addressee, and plaintiff states in the supplemental opposition memorandum that the letter was sent to the Travelers, plaintiff's wind carrier, and not Fidelity which issued the flood policy to plaintiff.  Article VII(J)(4) requires that the proof of loss be sent to the flood carrier.  Further, plaintiff has not demonstrated that the estimate of Major Builders complies with the provisions of the Article VII.

Thus, plaintiff's affidavit and letter do not create a question of fact as to defendant's attestation that plaintiff failed to meet the requirements of Article VII(J) of the policy.  The court finds that no question of fact precludes summary judgment in defendant's favor.  The motion for summary judgment is **GRANTED.**

New Orleans, Louisiana, this  20th  day of October, 2008.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**